IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL J. ROBINSON,**

        Plaintiff,

     vs.

**RAY ROBERTS, et al.,**

        Defendants.

CIVIL ACTION
No. 04-3332-GTV

**ORDER**

By its earlier order, the court liberally construed this matter as a petition for habeas corpus filed pursuant to 28 U.S.C. 2241 and directed plaintiff to supplement the record with a showing of exhaustion of state court remedies. Plaintiff filed a timely response. Having examined that pleading and the attachments, the court enters the following order.

As noted in the court's earlier order, a prisoner seeking habeas corpus relief pursuant to section 2241 is required to exhaust available state court remedies. Plaintiff has provided an order of dismissal entered in the District Court of Butler County, Kansas, in February 2002. In that case, the

state district court summarily dismissed plaintiff's claims against the parole board.  In reaching that decision, the state district court noted that parole is a privilege and found that plaintiff had failed to establish that the decision of the parole board to deny him release did not violate ex post facto, due process, or equal protection principles and did not constitute arbitrariness or discrimination.  It does not appear that plaintiff pursued review in the appellate courts.  Accordingly, this matter is barred by plaintiff's procedural default, unless he establishes both "cause for the default and actual prejudice as a result of the alleged violation of federal law, or [can] demonstrate that failure to consider [his] claims will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991)(discussing procedural default for purposes of federal habeas corpus review), Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992)(same).

 The court grants plaintiff twenty days to show cause for his procedural default and to demonstrate actual prejudice arising from the alleged federal violation.  If plaintiff fails to make such a showing, this petition must be dismissed.

 IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is

2

granted twenty (20) days to demonstrate cause and prejudice as set forth in this order.  The failure to file a timely response may result in the dismissal of this action without prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 9th day of May, 2005.

<pre>                         /s/ G. T. VanBebber
                         G. T. VANBEBBER
                         United States Senior District Judge</pre>