```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**MICHAEL J. ROBINSON,**

                   **Petitioner,**

        **v.**                             **CASE NO. 04-3332-SAC**

**RAY ROBERTS, et al.,**

                   **Respondents.**

**O R D E R**

Petitioner filed this action pursuant to 42 U.S.C. 1983. Upon initial review, the Honorable G. T. VanBebber of this court liberally construed this matter as a petition for habeas corpus relief seeking release from confinement or a parole review. By an order entered on May 9, 2005 (Doc. 5), Judge VanBebber determined that petitioner had not demonstrated his exhaustion of state court remedies and granted him twenty days to show cause and prejudice to excuse his procedural default. Petitioner filed a timely response (Doc. 6), and this matter was transferred to the undersigned on June 3, 2005.

As set forth in the order to show cause, a federal court "may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[ ] unless the petitioner can demonstrate cause

and prejudice or a miscarriage of justice.'" Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000)(alteration in original)(citation omitted).

Generally, cause is established by demonstrating that an external, objective factor, not fairly attributable to the petitioner, impeded efforts to follow procedural rules. See Coleman v. Thompson, 501 U.S. 722, 753 (1991). Prejudice, in this context, requires a showing that the petitioner has suffered harm resulting from the alleged violation of federal law, or that the failure of the court to consider the claims would result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 748.

Petitioner's response to the order to show cause does not directly address his failure to pursue relief in the state appellate courts following the denial of relief in the District Court of Butler County, Kansas in February 2002. See Doc. 4, Attach.

Instead, he contends in the response that the conditions of his confinement violate the Eighth Amendment, and he complains that he has been incarcerated for 30 years. He asserts that changes to the parole statutes since his convictions for crimes committed in 1976 have resulted in the denial of timely parole consideration. Finally, he contends that the lack of racial diversity in the workforce at the El Dorado Correctional Facility

2

demonstrates discrimination in the failure to grant him parole.

The materials attached to the response show that petitioner has been considered for parole on at least ten occasions, beginning in 1988 (Doc. 6, Attach., parole record printout). The attachments include an opinion issued by the state Attorney General in May 1975 concerning modifications to the state parole statutes, and portions of decisions entered in the Kansas Court of Appeals in 1993 and 1996 denying relief to the petitioner.

The court has carefully reviewed the record and concludes the petitioner has failed to demonstrate cause for his failure to exhaust state court remedies or that the dismissal of this action will result in a miscarriage of justice.

First, the state district court determined in 2002 that due to petitioner's life sentence, he has no mandatory conditional release date or maximum sentence discharge date. The record reflects that he has been considered for release on parole on numerous occasions. Parole in Kansas is a matter of grace, see Lamb v. Kansas Parole Board, 812 P.2d 761, 763 (Kan. App. 1991), and petitioner has made no argument that warrants review despite his procedural default of state court remedies. The petitioner has not demonstrated any external factor which prevented him from exhausting available state court remedies, nor is there any basis in the record which reasonably suggests the petitioner will be subjected to manifest injustice if this matter is dismissed due

to his procedural default.

IT IS THEREFORE ORDERED this matter is dismissed due to petitioner's procedural default.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

DATED: This 4th day of August, 2005, at Topeka, Kansas.

                                          S/ Sam A. Crow
                                          SAM A. CROW
                                          U.S. Senior District Judge